**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO:**

| | |
|---|---|
| MDPO LLC, a Florida Limited Liability Company, | ) |
| Plaintiff, | ) |
| v. | ) |
| Extremity Medical, LLC, a New Jersey Limited Liability Company, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, MDPO LLC, a Florida Limited Liability Company ("MDPO"), by and through undersigned counsel, hereby files this Complaint against Defendant Extremity Medical, LLC, a New Jersey Limited Liability Company ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

2. MDPO seeks damages and other relief under the Patent Act, 35 U.S.C. § 1, *et seq.* ("Patent Act"), particularly 35 U.S.C. § 271 for direct infringement, and 35 U.S.C. §§ 283, 284, and 285 for injunctive relief, damages, enhanced damages for willful infringement, and attorneys' fees.

## THE PARTIES

3. MDPO is a limited liability company duly organized and existing under the laws of the State of Florida and has a principal address at 5800 Colonial Drive, Suite 203 in Margate, FL.

4. Defendant is a limited liability company duly organized and existing under the laws of the State of New Jersey and has a principal business address at 300 Interpace Parkway, Building A, 2nd Floor, Parsippany, NJ 07054.

5. MDPO and Defendant are competitors in a highly competitive industry where competitors closely monitor each other's new products, technology developments, and patents.

**JURISDICTION**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. This Court has personal jurisdiction over Defendant because it has sufficient contacts with this State.

8. Defendant is also subject to personal jurisdiction in Florida and in this District by virtue of at least the following:

i. This action arises from, *inter alia*, acts that occurred within this State, and the Southern District of Florida, specifically Defendant's commission of tortious acts, including the infringement set forth herein, within the meaning of Fla. Stat. § 48.193(1)(a). This includes causing injury to MDPO's property, namely, its patents, as will be set forth in more detail below, within this State and the Southern District of Florida, arising out of acts or omissions by Defendant while, at or about the time of the injury, Defendant engaged in solicitation or service activities within this State, and the Southern District of Florida, within the meaning of Fla. Stat. § 48.193(1)(a)6.a.

ii. Defendant has engaged in substantial and not isolated activity within the

State of Florida, and has engaged in one or more of the enumerated acts listed in Florida Statute § 48.193(1).

iii. Defendant conducts business within this District, including Defendant's use and offer for sale of medical devices in this District, and, upon information and belief, Defendant's use and offer for sale of the Accused Product (defined below) in this District.

9. Defendant advertises, markets, offers for sale, sells, and distributes medical devices through various means, including on its website (https://www.extremitymedical.com/), which is accessible anywhere in the world, including Florida. Defendant also advertises and markets the Accused Product (defined below) on its website, which, as previously mentioned, is accessible in Florida.

10. Upon information and belief, Defendant offers for sale and sells the Accused Product (defined below) in Florida and in this District.

11. Defendant offers testimonials about its medical devices. Some of these testimonials feature a medical professional and the medical center where that professional practices. At least one location of some of the listed medical centers is in Florida and in this District.






12. Defendant has traveled to the State of Florida to exhibit its medical devices, such as at the American College of Foot and Ankle Surgeons Annual Scientific Conference in Tampa, Florida.

13. Defendant is listed as an exhibitor for the American College of Foot and Ankle Surgeons Annual Scientific Conference 2027 in Orlando, Florida.

## VENUE

14. Venue is proper under 28 U.S.C. § 1391(b)(2) in this District because a substantial part of the events or omissions giving rise to the instant suit occurred within this District. Specifically, Defendant has engaged in infringing activities (and events relating to infringement) within this State and the Southern District of Florida that give rise to a claim within this District.

15. Venue is proper under 28 U.S.C. § 1400(b) because, as described above, Defendant has committed acts of infringement within this State and the Southern District of Florida within the meaning of Fla. Stat. § 48.193(1)(a) and by virtue of at least the following:

i. Defendant previously maintained a Foreign Limited Liability Company registration with the State of Florida, listing a registered agent name and address as within the State of Florida.

ii. Upon information and belief, Defendant maintains a regular and established place of business in this District, including through sales representatives and/or agents who conduct Defendant's business from at least one physical location within this District. Plaintiff expects that discovery will reveal such location(s).

iii. Upon information and belief, Defendant stores, maintains, and distributes inventory of its medical devices or products, including the Accused Product (defined below), from at least one of Defendant's physical location(s) within this District. Plaintiff expects that discovery will reveal such locations.

**MDPO AND ITS U.S. PATENTS**

16. MDPO has been in business since 2009 and develops leading-edge medical devices, specifically in the external fixator category used by orthopedic surgeons to stabilize and align fractured bones or correct limb deformities.

17. MDPO began filing patent applications for its inventive "External Fixator Assembly" in 2007, and the first patent related to the technology, U.S. Patent No. 7,806,843, issued October 5, 2010.

18. Since that time, MDPO continued to develop its intellectual property portfolio. As a result, it obtained two additional patents related to the "External Fixator Assembly" technology, each filed as "continuation-in-part" or "continuation" type patent applications and issued as U.S Patent No. 7,887,498 (issued February 15, 2011) and U.S. Patent 8,251,937 (issued August 28, 2012).

19. A true and correct copy of U.S. Patent No. 7,806,843 (the "'843 Patent") is attached

hereto as Exhibit A.

20. A true and correct copy of U.S. Patent No. 7,887,498 (the "'498 Patent") is attached hereto as Exhibit B.

21. A true and correct copy of U.S. Patent No. 8,251,937 (the "'937 Patent") is attached hereto as Exhibit C.

22. MDPO is the owner of the entire right, title, and interest in the '843 Patent, the '498 Patent, and the '937 Patent (the "Patents-in-Suit") by way of assignment and possesses the right to sue for and obtain equitable relief and damages for infringement of the Patents-in-Suit.

23. MDPO has never authorized Defendant to make, use, sell, offer to sell, and/or import into the United States and/or its territories any external fixator assemblies, as recited in the claims in the Patents-in-Suit, or to otherwise practice the Patents-in-Suit.

**DEFENDANT AND ITS INFRINGING ACTIONS**

24. Defendant is listed as the "Assignee" in connection with over forty-five (45) patent literature documents before the United States Patent and Trademark Office.

25. Upon information and belief, prior to acquiring intellectual property rights, or setting out to obtain intellectual property rights, Defendant conducts searches of the United States Patent and Trademark Office for records related to a claimed invention(s) Defendant may seek to acquire or obtain intellectual property rights in.

26. Upon information and belief, prior to releasing a product or medical device for sale, Defendant conducts searches of the United States Patent and Trademark Office for records that may conflict with Defendant's ability to sell a product or medical device that it intends to release for sale.

27. Prior to Defendant selling or offering its "X-Ring Fixator System" (the "Accused

Product") for sale, Defendant knew of the Patents-in-Suit.

28. Defendant applied for at least one patent in connection with the Accused Product.

29. Upon information and belief, any patent application applied for concerning the Accused Product has at least one of the Patents-in-Suit listed as a "reference cited" in connection with the examination of any patent application applied for concerning the Accused Product.

30. On or around August 13, 2025, Defendant began selling or offering the Accused Product for sale, and, at least until the filing of this instant suit, is still selling or offering the Accused Product for sale.

31. On or around August 13, 2025, Defendant began making and using the Accused Product, and, at least until the filing of this instant suit, is still making and using the Accused Product for sale.

32. Defendant has directly infringed and continues to directly infringe the '843 Patent by making, selling, using, and offering for sale in the United States, and/or importing into the United States, the Accused Product, embodying the invention defined by one or more claims of the '843 Patent, without authority or license from Plaintiff.

33. The Accused Product includes, *inter alia*, a fixator assembly built for placement or use next to the ankle area, a support that sits next to the ankle area and holds at least one transfixion member in working engagement with a chosen part of the ankle area, a base segment with at least one elongated contoured segment attached to or extending from it, each contoured segment having a contoured portion, and the transfixion member being able to be set at different places or orientations along the contoured portions or segments relative to the ankle area, as generally claimed in the '843 Patent. Exhibit D is attached, depicting a preliminary claim chart for independent claim 1 of the '843 Patent.

34. Defendant has directly infringed and continues to directly infringe the '498 Patent by making, selling, using, and offering for sale in the United States, and/or importing into the United States, the Accused Product, embodying the invention defined by one or more claims of the '498 Patent, without authority or license from Plaintiff.

35. The Accused Product includes, *inter alia*, a fixator assembly built for placement or use next to the ankle area, a support that sits next to the ankle area and holds at least one transfixion member in working engagement with a chosen part of the ankle area, a base segment with at least one elongated contoured segment attached to or extending from it, each contoured segment having a contoured portion, and the transfixion member being able to be set at different places or orientations along the contoured portions or segments relative to the ankle area, as generally claimed in the '498 Patent. Exhibit E is attached, depicting a preliminary claim chart for independent claim 1 of the '498 Patent.

36. Defendant has directly infringed and continues to directly infringe the '937 Patent by making, selling, using, and offering for sale in the United States, and/or importing into the United States, the Accused Product, embodying the invention defined by one or more claims of the '937 Patent, without authority or license from Plaintiff.

37. The Accused Product includes, *inter alia*, a fixator assembly built for placement or use next to the ankle area, a support that sits next to the ankle area and holds at least one transfixion member in working engagement with a chosen part of the ankle area, a base segment with at least one elongated contoured segment attached to or extending from it, each contoured segment having a contoured portion, and the transfixion member being able to be set at different places or orientations along the contoured portions or segments relative to the ankle area, as generally claimed in the '937 Patent. Exhibit F is attached, depicting a preliminary claim chart for

independent claim 1 of the '937 Patent.

38. Defendant has participated in, induced, contributed to, or otherwise caused the acts of direct infringement alleged herein.

39. MDPO has suffered injury, including irreparable injury, as a result of Defendant's infringement. MDPO is therefore entitled to injunctive relief restraining and enjoining Defendant from infringing the Patents-in-Suit.

40. MDPO has been and will continue to be damaged by the acts of Defendant complained of herein.

41. MDPO has suffered and will continue to suffer irreparable injury by the acts of Defendant complained of herein, and MDPO has no adequate remedy at law.

42. The acts of Defendant have been willful, wanton, and deliberate given its knowledge of MDPO and its knowledge of the Patents-in-Suit.

43. At a minimum, Defendant has become aware of the Patents-in-Suit at least as early as the date of service of this Complaint, has continued to infringe the Patents-in-Suit after this date, and knows or should know that the Accused Product infringes the Patents-in-Suit based on the infringement allegations set forth herein.

44. Defendant's infringement of the Patents-in-Suit is willful, justifying an award of enhanced damages of treble the amount found or assessed under 35 U.S.C. § 284.

**COUNT I**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,806,843**
**[35 U.S.C. § 271]**

45. MDPO incorporates herein each and every allegation set forth in Paragraphs 1-44 as if fully set forth herein.

46. Defendant's aforesaid acts constitute direct infringement of independent claim 1 and dependent claims 3-13 of the '843 Patent, either literally or under the doctrine of equivalents,

pursuant to 35 U.S.C. § 271(a).

47. Defendant's aforesaid acts constitute direct infringement of independent claim 19 and dependent claims 21, 25, and 30 of the '843 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a).

48. Defendant's infringement of the aforementioned claims of the '843 Patent has been willful, wanton, and deliberate.

49. A preliminary claim chart for independent claim 1 of the '843 Patent is attached hereto as Exhibit D, comparing delineated portions of the claim to the Accused Product.

50. The filing and service of this Complaint serve as actual notice and knowledge of infringement of the '843 Patent on the part of Defendant such that all of Defendant's post-suit infringement of the '843 Patent is willful, wanton, and deliberate.

51. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury, harm, and damage to MDPO, and, unless said acts are restrained by this Court, they will continue to cause great and irreparable injury, harm, and damage to MDPO.

52. MPDO has no adequate remedy at law.

WHEREFORE, MDPO requests that the Court grant the relief requested in the Prayer for Relief below.

**COUNT II**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,887,498**
**[35 U.S.C. § 271]**

53. MDPO incorporates herein each and every allegation set forth in Paragraphs 1-44 as if fully set forth herein.

54. Defendant's aforesaid acts constitute direct infringement of independent claim 1 and dependent claims 2-13 of the '498 Patent, either literally or under the doctrine of equivalents,

pursuant to 35 U.S.C. § 271(a).

55. Defendant's infringement of the aforementioned claims of the '498 Patent has been willful, wanton, and deliberate.

56. A preliminary claim chart for independent claim 1 of the '498 Patent is attached hereto as Exhibit E, comparing delineated portions of the claim to the Accused Product.

57. The filing and service of this Complaint serve as actual notice and knowledge of infringement of the '498 Patent on the part of Defendant such that all of Defendant's post-suit infringement of the '498 Patent is willful, wanton, and deliberate.

58. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury, harm, and damage to MDPO, and, unless said acts are restrained by this Court, they will continue to cause great and irreparable injury, harm, and damage to MDPO.

59. MDPO has no adequate remedy at law.

WHEREFORE, MDPO requests that the Court grant the relief requested in the Prayer for Relief below.

**COUNT III**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,251,937**
**[35 U.S.C. § 271]**

60. MDPO incorporates herein each and every allegation set forth in Paragraphs 1-44 as if fully set forth herein.

61. Defendant's aforesaid acts constitute direct infringement of independent claim 1 and dependent claims 2-4 of the '937 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a).

62. Defendant's aforesaid acts constitute direct infringement of independent claim 6 of the '937 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a).

63. Defendant's infringement of the aforementioned claims of the '937 Patent has been willful, wanton, and deliberate.

64. A preliminary claim chart for independent claim 1 of the '937 Patent is attached hereto as Exhibit F, comparing delineated portions of the claim to the Accused Product.

65. The filing and service of this Complaint serve as actual notice and knowledge of infringement of the '937 Patent on the part of Defendant such that all of Defendant's post-suit infringement of the '937 Patent is willful, wanton, and deliberate.

66. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury, harm, and damage to MDPO, and, unless said acts are restrained by this Court, they will continue to cause great and irreparable injury, harm, and damage to MDPO.

67. MDPO has no adequate remedy at law.

WHEREFORE, MDPO requests that the Court grant the relief requested in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, MDPO LLC, prays:

A. That this Court adjudge that Defendant has infringed and is infringing MDPO's rights in the '843 Patent, in the '498 Patent, and in the '937 Patent, directly, literally, and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, and that Defendant's infringement has been and continues to be willful;

B. That MDPO be awarded damages adequate to compensate it for the damages it has suffered as a result of Defendant's infringement of the '843 Patent, the '498 Patent, and the '937 Patent, and that such damages be trebled, pursuant to 35 U.S.C. § 284;

C. That Defendant be ordered to pay pre-judgment interest to MDPO on all amounts

awarded and post-judgment interest until paid, at the maximum lawful rate;

D. That, pursuant to 35 U.S.C. § 283, or as otherwise authorized, Defendant, its officers, agents, servants, employees, and all other persons acting in concert or participation with it who receive actual notice of the Court's order be enjoined from:

(1) directly or indirectly manufacturing, using, selling, offering for sale, or importing into the United States and/or its territories the Accused Product and/or any medical device that infringes the ‘843 Patent, the ‘498 Patent, and the ‘937 Patent, directly or indirectly, literally or under the doctrine of equivalents; and

(2) attempting, causing, or assisting in any of the above-described acts.

E. That the Court retain jurisdiction of this action for the purpose of enabling MDPO to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; and for the punishment of any violations thereof;

F. That Defendant be ordered to pay MDPO’s attorneys’ fees, as provided by 35 U.S.C. § 285, or as otherwise authorized;

G. That Defendant be ordered to pay MDPO's taxable and non-taxable costs, as provided by 35 U.S.C. § 284, Fed. R. Civ. P. 54, or as otherwise authorized;

H. That Defendant be ordered to pay MDPO damages adequate to compensate it for the damages it has suffered as a result of Defendant’s infringement of the ‘843 Patent, the ‘498 Patent, and the ‘937 Patent, and that such damages be in no event less than a reasonable royalty for Defendant’s use of the inventions that are the subject of the ‘843 Patent, the ‘498 Patent, and the ‘937 Patent, together with interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284;

I. That the Court award an accounting of Defendant’s sales from the sale of any medical

device that infringes the ‘843 Patent, the ‘498 Patent, and the ‘937 Patent, directly or indirectly, literally or under the doctrine of equivalents, through trial or final adjudication; and

J. That MDPO be awarded such other and further relief, at law or in equity, as the Court may deem just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Dated: October 22, 2026

/s/Victor A Bruzos
Peter A. Matos
Florida Bar No. 992,879
pmatos@malloylaw.com
Jonathan R. Woodard
Florida Bar No. 96,553
jwoodard@malloylaw.com
Victor A. Bruzos
Florida Bar No. 1,049,014
vbruzos@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

*Attorneys for Plaintiff*